[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.12-12319
Non-Argument Calendar
_____

D.C. Docket No.  1:11-cr-20537-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RYLAN A. FORBES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 15, 2013)

Before CARNES, MARTIN and COX, Circuit Judges.

PER CURIAM:

Rylan A. Forbes appeals his conviction for attempted illegal reentry into the

United States in violation of 8 U.S.C. § 1326(a) and (b)(2).  We affirm.

I.

The Indictment charged Forbes with knowingly attempting to reenter the United States illegally.  At Forbes's trial, the Government's chief witness was Patrick Brown.  Brown testified that he met Forbes while the two were on a boat trying to be smuggled into the United States.

This appeal focuses on Brown's testimony concerning three out-of-court statements.  First, Brown testified that a man named Billy, who Brown had helped load marijuana onto a boat before meeting Forbes, said that his boat was not going to smuggle people into Miami.  Second, Brown testified that other passengers on the boat said that they thought an island in the Bahamas was the United States.  And third, Brown testified that one of the captains of the boat, Paulino, stated that the vessel needed to leave quickly because immigration officials were onto them.  Forbes objected to each of these statements as hearsay.  The district court overruled the objections, concluding that the statements fell under the coconspirator hearsay exclusion found in Federal Rule of Evidence 801(d)(2)(E).[1]

The court did not give the jury an instruction on the defense of mistake, and none was requested.

---

[1] The district court did not specify its reasoning for overruling the objections to Brown's testimony about a statement made by a passenger and Paulino's statement.  But both parties agree that the court relied on the coconspirator exclusion from hearsay.

II.

Forbes makes two arguments on appeal: (A) that the district court abused its discretion when it admitted out-of-court statements under the coconspirator hearsay exclusion and (B) that the district court plainly erred when it failed to sua sponte give a jury instruction on the defense of mistake.  We consider each in turn.

A.

Forbes contends that the district court erred when it admitted Brown's testimony about three out-of-court statements under the coconspirator hearsay exclusion.

We review a preserved challenge to the admissibility of evidence for an abuse of discretion.  *United States v. Gamory*, 635 F.3d 480, 492 (11th Cir. 2011).[2] Even if a district court abuses its discretion, however, a harmless error will not result in reversal.  *Id.*  An error is harmless when it does not affect the substantial rights of the defendant, such that we can say with "fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error."  *Id.* (quoting *Kotteakos v. United States*, 328 U.S. 750, 765, 66 S. Ct. 1239, 1248 (1946)).

---

[2] The Government argues that the issue should be reviewed only for plain error because Forbes did not state with specificity the grounds for his objections at trial.  In this circuit, however, an objection only needs to be raised in such a way that the trial court cannot misunderstand it.  *United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006). Here, the district court was aware of the grounds for the objection.  We therefore review the district court's admission of the statements for an abuse of discretion.

An out-of-court statement offered for its truth against a defendant is not hearsay if the statement was made by the defendant's coconspirator during and in furtherance of the conspiracy. Fed. R. Evid. 801(d)(2)(E). The government bears the burden of proving by a preponderance of evidence that a conspiracy existed between the declarant and the defendant and that the statement was made during and in furtherance of the conspiracy. *Bourjaily v. United States*, 483 U.S. 171, 175–76, 107 S. Ct. 2775, 2778–79 (1987).

Even if we were to assume that the district court abused its discretion in admitting Brown's testimony concerning these statements, such errors were harmless. Forbes's conviction was not "swayed by the error." The Government presented substantial evidence that Forbes had the knowledge and intent to reenter the United States. Forbes told Brown that he had paid $5,000 for the trip to the United States. Forbes also told Brown that he planned to purchase equipment for his business upon his arrival into the country. During the voyage, Forbes and the other passengers were instructed to turn off all lights and cell phone batteries to evade the Coast Guard.

## B.

Next, Forbes argues that the district court plainly erred when it failed to sua sponte charge the jury on the defense of mistake.

4

Because Forbes failed to request a jury instruction on mistake, both parties agree that we review this issue for plain error. To demonstrate plain error, a defendant must show that there is (1) error (2) that is plain (3) that affects substantial rights and (4) that seriously affects the fairness, integrity, or reputation of judicial proceedings. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007).

The district court did not err in failing to give an instruction on the defense of mistake. Without a request, the district court was not obligated to give such an instruction. Further, the instructions that the court gave sufficiently explained that if the jury believed that Forbes was mistaken about the boat's destination, the jury should not convict him. Specifically, the court charged the jury that it had to find that Forbes acted "knowingly." The court defined "knowingly" as "an act [ ] done voluntarily and intentionally and not because of mistake or accident." (R.6 at 243-44.) Thus, the court adequately presented the issue of mistake to the jury.

AFFIRMED.

5